IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| GARNET HAKIIM ALI BEY, | : |
| --- | --- |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1116-RGA |
| JOHN CARROW, et al., | : |
| Defendants. | : |

Garnet Hakiim Ali Bey, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 14, 2017
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Garnet Hakiim Ali Bey proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He commenced this action on August 8, 2017, alleging violations of "Article VI." (D.I. 2). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff alleges that constitutional violations occurred in the State of Delaware in January 2017. The complaint refers to Article VI. Presumably, Plaintiff is referring to the Supremacy Clause in Article VI of the United States Constitution. Named Defendants include Commissioner John Carrow, Deputy Attorney General Constance Dorsey, Tramaine Coston, and Cynthia Burris.

Plaintiff alleges that all Defendants violated his rights and immunities in relation to documents signed without his consent or knowledge. He alleges that all Defendants continue to conspire to cause spiritual, physical, and mental financial damage to his well-being "with the use of misrepresented instruments, documents, deceptive, non-mutual adhesion contracts." He seeks compensatory damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most

1

favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

While not clear, it appears that Plaintiff complains of actions that took place during a judicial proceeding. However, the allegations do not refer to any named defendant. Nor do they describe the documents referenced or actions of any defendant that allegedly violated Plaintiff's constitutional rights. As currently pled, a defendant would have great difficulty responding to the allegations. A civil rights complaint is adequately pled where it states the conduct, time, place, and persons responsible. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980). The complaint fails to include any of those elements.

In addition, under the liberal notice pleading standard of Rule 8(a), Plaintiff's complaint fails to allege facts that, if proven, would show personal involvement by any named defendant. As the complaint now stands, it does not meet the Third Circuit's

standard for a legally adequate civil rights complaint. Accordingly, the Court will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). However, since it appears plausible that Plaintiff may be able to articulate a claim against Defendants or name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) and (ii). Plaintiff will be given leave to amend the complaint.

An appropriate order will be entered.